IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

KEVIN D. LOCKE                                                                   PLAINTIFF

vs.                                                              CIVIL ACTION NO. 2:12CV61-SAA

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                  DEFENDANT

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Kevin D. Locke for a period of disability and disability insurance benefits under Section 216(I) and 223 of the Social Security Act. Plaintiff filed his application on February 13, 2009 alleging disability beginning March 10, 2008. Docket # 10, p. 113, 139. Plaintiff's claim was denied initially (*Id.* at 70), and on reconsideration. *Id.* at 74. He was represented by counsel at the hearing held on October 15, 2010. *Id.* at 40-59. The Administrative Law Judge (ALJ) issued an unfavorable decision on November 5, 2010 (*Id.* at 22-34), and the Appeals Council denied plaintiff's request for a review. *Id.* at 5-9. Plaintiff timely filed the instant appeal from the ALJ's most recent decision, and it is now ripe for review. In accordance with the provisions of 28 U.S.C. § 636(c), both parties have consented to have a magistrate judge conduct all the proceedings in this case, the undersigned therefore has the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

Plaintiff was born on March 6, 1965, and completed the ninth grade. Docket # 10, p. 113, 144. He was 43 years old at the time of the alleged onset date. Plaintiff was previously employed as a farmer. *Id.* at 140. Plaintiff contends that he became disabled before his application for benefits as a result of mental and emotional problems, prostate problems and back pain. *Id.* at 139.

The ALJ determined that plaintiff suffered from "severe" impairments, including "lumbar spondylosis, obesity and anxiety," but that these impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20C.F.R. 404.1525, 404.1526, 416.925 and 416.926). *Id.* at 27-28. Based upon testimony by the vocational expert [VE] at the hearing and after considering the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity (RFC) to "perform medium work as defined in 20 CFR 404.1567(c) except he is limited to occasional interaction with the general public." Docket 10, p. 30. The ALJ found that plaintiff's impairments could reasonably be expected to cause the alleged symptoms, but plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment." *Id.* at 30. After evaluating all of the evidence in the record, including testimony of both plaintiff and a VE at the hearing, the ALJ held that because plaintiff could perform his past relevant work as a farmer, he is not disabled under the Social Security Act. *Id.* at 33-34.

Following the ALJ's decision, plaintiff submitted additional evidence to the Appeals Council including treatment notes from Dr. Rayudu, plaintiff's psychiatrist, beginning March 16,

2010 and ending August 11, 2011. Docket # 10, p. 444-53. The Appeals Council denied plaintiff's request for review because the new information did not provide a basis for changing the ALJ's decision. Docket 10, p. 6. Plaintiff claims that the Appeals Council erred when it failed to properly consider medical evidence relating to plaintiff's major depression, particularly the medical records from Dr. Rayudu. Docket 18, p. 1.[1]

## II. DISCUSSION

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[2] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[3] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[4] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[5] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the

---

[1] The second paragaraph of plaintiff's brief indicates that his "brief is going to limit its focus to a discussion of how the Administrative Judge, (and by extension the Appeals Council), incorrectly handled key medical evidence pertaining to Plaintiff's non-physical impairment of major depression." Docket 18, p. 1. However, plaintiff does not provide any argument in any of the five sentences of the section entitled "Law and Discussion" concerning any error by the ALJ. Because the plaintiff did not feel this argument was strong enough to address, the court will not develop this argument for plaintiff.

[2] *See* 20 C.F.R. § 404.1520 (2010).

[3] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[4] 20 C.F.R. § 404.1520(b) (2010).

[5] 20 C.F.R. § 404.1520(c) (2010).

3

impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[6] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[7] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[8] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[9]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[10] even

---

[6] 20 C.F.R. § 404.1520(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[7] 20 C.F.R. § 404.1520(e) (2010).

[8] 20 C.F.R § 404.1520(g) (2010).

[9] *Muse*, 925 F.2d at 789.

[10] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

4

if it finds that the evidence leans against the Commissioner's decision.[11] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

When new evidence becomes available after the ALJ's decision, and there is a reasonable likelihood that the new evidence could change the outcome of the decision, a remand is appropriate so that this new evidence can be considered. *Govea v. Astrue*, 2008 WL 2952343, *4 (W.D. Tex. 2008). "New evidence" must meet three criteria: (1) it must be new, and not merely cumulative of what is already in the record; (2) it must be material, *i.e.,* relevant, probative, and likely to change the outcome of the case; and (3) the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record. *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989). The Fifth Circuit has stated:

> The requirement of materiality is an important one. The concept 'material' suggests that the new evidence must be relevant and probative. However, not

---

[11]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

> every discovery of new evidence, even if relevant and probative, will justify a remand to the Secretary, for some evidence is of limited value and insufficient to justify the administrative costs and delay of a new hearing.

*Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981). "A report that offers no new facts does not constitute new evidence." *Evangelista v. Secretary of Health and Human Services*, 826 F.2d 136, 140 (1st Cir. 1987). The First Circuit, in *Evangelista*, noted that simply because a retained physician

> happened to view this collection of data differently, that he happened to disagree with the conclusion reached by the ALJ, does not render the *evidence* which forms the basis for his opinion any less cumulative of what already appears in – indeed, comprises the totality of – the record. If a losing party could vault the 'newness' hurdle of § 405(g) merely by retaining an expert to reappraise the evidence and come up with a conclusion different from that reached by the hearing officer, then the criterion would be robbed of all meaning.

*Id.* If new and material evidence was properly presented to and considered by the Appeals Council, this court must consider that evidence as part of the entire record, even if the Appeals Council denied review. *Rodriguez v. Barnhart*, 252 F.Supp.2d 329, 335 (S.D. Tex. 2003).

Plaintiff asserts that the "new" records submitted to the Appeals Council were material and not available at the time of the ALJ's hearing. Specifically, plaintiff claims that "[h]ad same been available, there is a reasonable possibility the Administrative Law Judge would have ruled different." Docket # 18, p. 3. In the five sentences of his "Law and Discussion" section of what is essentially a 3-page brief, plaintiff does not provide any further explanation as to why a different outcome would likely have occurred had the ALJ reviewed these medical records (Exhibit 27-F, Docket # 10, pp. 444-453) before issuing her opinion.

The Commissioner responds, and the court agrees, that these records do not contain any opinion by Dr. Rayudu that plaintiff is disabled or was disabled prior to June 30, 2008, the date

last insured. There is no evidence contained in the records cited by plaintiff, despite his assertion to the contrary, that support his claim for disability before his date last insured. Because there is no evidence contained in the new treatment records of Dr. Rayudu relating to plaintiff's mental condition before his date last insured, there is no reasonable possibility that the ALJ would have ruled differently if she had these records to review. The undersigned concludes that the decision of the Appeals Council was supported by substantial evidence and applied the proper legal standards.

## III. CONCLUSION

After a review of the evidence presented to the ALJ and the "new" information provided by plaintiff, this court is of the opinion that there is not a reasonable likelihood that Dr. Rayudu's records would have changed the outcome reached by the ALJ. The ALJ's conclusion that the physical and mental impairments alleged during the administrative process do not constitute a disability is clearly supported by substantial evidence, and the decision of the Commissioner should be affirmed. A separate judgment in accordance with this Memorandum Opinion will issue this date.

This, the 10th of December, 2012.

                                                /s/ S. Allan Alexander  
                                            UNITED STATES MAGISTRATE JUDGE